Filed 5/2/23 P. v. Wall CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID WARREN WALL,<br><br>    Defendant and Appellant. | B320952<br>(Los Angeles County<br> Super. Ct. No. SA009175) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge. Affirmed.

Mark Yanis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant David Warren Wall appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6. The

court denied the petition after appointing defendant counsel, receiving briefing by the parties, and holding a hearing. Based in part on defendant's own trial testimony wherein he admitted to shooting and killing the victim, the trial court denied the section 1172.6 petition and found defendant was not entitled to resentencing as "the actual killer." (See *People v. Wall* (Sept. 21, 1994, B076080) [nonpub. opn.], 5, 8 (*Wall I*) [defendant testified he had kidnapped the victim, "grabbed his own gun and shot [the victim] twice"]; accord, *People v. Delgadillo* (2022) 14 Cal.5th 216, 233 (*Delgadillo*) [the defendant was "not entitled to any relief under section 1172.6" because he was "the actual killer and only participant in the killing"]; *People v. Patton* (2023) 89 Cal.App.5th 649, 657 [same]; *People v. Garrison* (2021) 73 Cal.App.5th 735, 743–744 [same].)

Following his appointment by this court, appellate counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to independently review the record. On December 9, 2022, we informed defendant, his counsel, and the Attorney General of the opening *Wende* brief. In our notice to the parties, we directed appointed counsel to send the record and a copy of the opening brief to defendant, and informed defendant he could submit a supplemental brief or letter within 30 days raising any contentions he wished this court to consider. He did not do so.

Less than two weeks after we issued our notice to the parties, the Supreme Court issued its decision in *Delgadillo*. There, the Court held the *Wende* procedures, including the court's duty to independently review the appellate record, do not apply to an appeal from the denial of postconviction relief under the resentencing procedures set forth in section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at p. 226.) "On an appeal from the denial of a

section 1172.6 petition, we therefore prescribe the following framework. When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court *may dismiss* the matter." (*Id*. at pp. 231–232, italics added.) If the defendant does not file a supplemental brief or letter, the Court of Appeal need not conduct its own review of the record and may dismiss the appeal as abandoned. (*Id*. at p. 232; see *ibid*. ["it is wholly within the court's discretion [to conduct] its own independent review of the record"].)

The notice provided to defendant in this case pre-dated the Court's decision in *Delgadillo*. While the notice informed defendant of his right to file a supplemental brief, it did not warn him of the potential for dismissal should he not file a supplemental brief or letter. On the contrary, the notice cited *Wende* and the filing of an opening brief under that particular case. From this form notice, defendant "reasonably could have concluded . . . that the *Wende* procedures would apply and that [we] would conduct an independent review of the record, even absent a supplemental brief." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.)

Consistent with *Delgadillo*, we find the notice provided in this case to be "suboptimal," and in light of this conclusion, we have undertaken an independent review of the entire appellate record under *Wende*. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232–233.) Following our independent review, we conclude defendant is not entitled to any relief under section 1172.6.

3

Like *Delgadillo*, here the record "makes clear that [defendant] was the actual killer and the only participant in the killing." (*Delgadillo, supra*, 14 Cal.5th at p. 233.) As appointed counsel acknowledges, defendant never disavowed being the actual killer in this case. Defendant only sought resentencing because he believed his murder conviction was based on the natural and probable consequence doctrine or the felony murder doctrine. But defendant was never convicted under either theory. The jury never received instructions on the natural and probable consequences doctrine. And while it did receive instructions on felony murder, those instructions were limited only to *first* degree murder. (§ 189, subd. (a); CALJIC No. 8.21 ["[t]he unlawful killing of a human being . . . which occurs during the commission of the crime of kidnapping is murder of the first degree"].) The jury found defendant guilty of *second* degree murder. Under the directions it received on this theory of culpability, the jury found defendant killed the victim with express malice (intent to kill) but without premeditation and deliberation. (CALJIC No. 8.30; accord, CALJIC No. 8.11 ["Malice" limited to manifesting "an intention unlawfully to kill a human being"].) Upon unanimously finding defendant guilty of express malice murder, the jury also found he personally used a firearm in the commission of that offense. (CALJIC No. 17.19.)

Thus, the record establishes conclusively defendant's guilt of second degree murder under a still-valid theory of liability as the actual killer who harbored an intent to kill the victim. We are satisfied defendant's appointed counsel fully complied with his responsibilities and no arguable issue exists, and defendant has, by virtue of counsel's compliance with *Wende* and our review of the record, received adequate and effective appellate review of the postconviction order. (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

4

## DISPOSITION

The order denying defendant's postconviction petition for resentencing under section 1172.6 is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.*

We concur:


CURREY, Acting P. J.


COLLINS, J.

---

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.